FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI COOPER on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE POINTE ICG, LLC, a Washington limited liability company, and SECURITY PROPERTIES RESIDENTIAL, LLC, a Washington corporation,<br><br>Defendants. | No.  2:20-cv-00305-SMJ<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is Plaintiff Heidi Cooper's Motion for Remand, ECF No. 4.[1] Plaintiff argues that this Court should remand this matter to state court because (1) Defendants' removal was untimely and (2) this Court does not have subject-matter jurisdiction. Because this Court finds that Defendants untimely removed this case, as discussed below, it does not reach the issue of whether Plaintiff's claim

---

[1] Plaintiff originally noted the motion for oral argument thirty days after filing, October 1, 2020. *See* ECF No. 3. Plaintiff then filed an otherwise identical motion with a corrected hearing date more than seventy days after filing, November 5, 2020, consistent with Local Civil Rule 7(i)(2). *See* ECF No. 4. The Court denied as moot the original motion on October 6, 2020. ECF No. 10.

ORDER GRANTING MOTION FOR REMAND – 1

1  presents a Federal Question, allowing for jurisdiction under 28 U.S.C. § 1331.

2  Having reviewed the record and pleadings in this matter, this Court is fully informed

3  and grants the Motion for Remand.

## BACKGROUND

Plaintiff brought a claim in Spokane County Superior Court, alleging Defendants violated Washington State's Residential Landlord Tenant Act (RLTA), Rev. Code Wash. 59.18, *et seq.* ECF No. 1-2 at 4–5. Defendants removed the case to federal court on August 25, 2020. ECF No. 1.

Plaintiff attempted personal service on Defendants at the address of their registered agent on or about May 5, 2020. ECF No. 1-2 at 21–22. Security guards turned away the service-processer when he attempted to enter the building, ostensibly because of restrictions on in-person interactions due to the COVID-19 pandemic.[2] *See id.* at 24. Plaintiff sent a copy of the Summons and Complaint via Certified Mail-Return Receipt Requested on May 18, 2020. According to the return receipt, which was received by Plaintiff on June 1, 2020, Defendants signed for the documents on May 26, 2020. *Id.* at 26.

---

[2] The parties debate whether Plaintiff did her due diligence in attempting personal service before conducting service by mail, especially in light of the difficulties posed by the COVID-19 pandemic. *See* ECF No. 5 at 3; ECF No. 6 at 3; *see also* Rev. Code Wash. 23.95.450(2). Because the Court concludes that Defendants waived formal service of the Summons and the Complaint, it need not resolve this issue.

ORDER GRANTING MOTION FOR REMAND – 2

Defense counsel appeared on August 7, 2020. ECF No. 1-2 at 19. On August 25, 2020, ninety-one days after receiving the Summons and Complaint, Defendants filed an answer to Plaintiff's complaint. *Id.* at 37. Nowhere in the answer did Defendants raise the argument that they were not properly served. *See id.* at 36–37 (affirmative defenses). Then, the same day, Defendants removed this action to Federal Court. ECF No. 1. And in the Notice of Removal, Defendants explicitly stated that "[a]ll parties to this action have been served." *Id.* at 3.

## DISCUSSION

**A.    Defendants untimely removed this matter to Federal Court**

A defendant may remove an action from state court to federal court where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed withing 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The time for removal under 28 U.S.C. § 1446 "is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *see also O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988) ("[S]ection 1441 is strictly construed against removal."). Although courts have, as Defendants point out, recently "softened the strictness" of this principle, the underlying federalism concerns remain. *See Myer v. Nitetrain Coach*

1  *Co.*, 459 F. Supp. 2d 1074, 1076 (W.D. Wash. 2006) (citing *Murphy Bros. Inc. v.*
2  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999).

3        Defendants argue that because Plaintiffs did not effectuate personal service,
4  the period for removal never began to run. ECF No. 5 at 8. But Defendants'
5  argument fails because Defendants waived person service. Defendants signed for
6  the Summons and Complaint on May 26, 2020. There is no dispute that Defendants
7  had actual notice of the Complaint. This is not the case of *Murphy Bros.*, where
8  Plaintiffs abused the "receipt rule," creating unfairness to foreign defendants,
9  circumventing international treaties and "trap[ping]" opponents in state court by
10 sending a "courtesy copy" via facsimile. 526 U.S. at 356; *see also Pic-Mount Corp.*
11 *v. Stoffel Seals Corp.*, 708 F. Supp. 1113, 1118 (D. Nev. 1989) ("receipt of an initial
12 pleading begins the thirty-day removal period, irrespective of the technicalities of
13 state service of process laws").

14       Defendants cannot have it both ways. Their conduct is consistent with a
15 waiver of personal service, only bringing up the defense in their response to this
16 motion. Defendants' answer and notice and removal both indicate that Defendants
17 have been served. *Compare* ECF Nos. 1, 1-1, *with* ECF No. 5. The 30-day period
18 to remove this case thus began on May 26, 2020, when Defendants received the
19 complaint, and expired on June 25, 2020. *See* 28 U.S.C. § 1446(b). So, Defendants'
20 removal of this action is untimely.

ORDER GRANTING MOTION FOR REMAND – 4

**B.    Attorney Fees**

Plaintiff asks that this Court award her attorney fees and costs associated with the Motion for Remand. But Plaintiff does not specify an amount of attorney fees and costs sought. Nor does she attach any declarations detailing hours worked on the Motion for Remand. The Court thus declines consider Plaintiff's request. Plaintiff may file a separate motion for reasonable attorney fees and costs, accompanied by proper documentation, which the Court would then consider.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand, **ECF No. 4**, is **GRANTED**.

2. This Court **REMANDS** this case to state court.

3. Plaintiff's request for attorney fees, **ECF No. 4 at 6–7** is **DENIED WITH LEAVE TO RENEW**.

    *A.*    Absent a motion for attorney fees and costs, all parties shall bear their own costs and attorney fees.

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

//

//

//

//

ORDER GRANTING MOTION FOR REMAND – 5

**6.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of October 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION FOR REMAND – 6